# NO. 12-20-00202-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRIAN A. SMALE, APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | | |
| *GLEN THURMAN, A/K/A GLEN THURMAN BUILDER, INC., A/K/A ROSE HILL SPRINGS DEVELOPMENT, LLC AND WOOD COUNTY COMMISSIONER'S COURT,* | § | *JUDICIAL DISTRICT COURT* |
| *APPELLEE* | § | *WOOD COUNTY, TEXAS* |

## MEMORANDUM OPINION

Brian A. Smale appeals the summary judgment and award of attorney's fees in favor of Appellee Glen Thurman a/k/a Glen Thurman Builder, Inc. a/k/a Rose Hill Springs Development, LLC (collectively Thurman). Smale raises four issues on appeal. We reverse, vacate, remand in part, and affirm in part.

## BACKGROUND

Wood County, Texas approved a subdivision plat filed by Thurman. Thereafter, Smale sought to acquire information related to drainage on utility easements leading to his adjoining property. Proceeding pro se, Smale filed the instant suit against Thurman and others, in which he alleged that after excavation for water supply pipes began on the utility easements, he noticed "rust colored sediment," which appeared in a fish-stocked pond located on his property. In his petition, Smale alleged that Thurman was liable to him for negligence, interference, and violations of Texas Water Code, Section 11.086 because the Wood County Commissioner's Court, approved, without notice of hearing to adjoining property owners, Thurman's subdivision plat without investigating the potential impact on neighboring properties. As a result, he alleged he was entitled to recover

damages of $431,000.00, an amount estimated to be the maximum estimated value of his adjoining property.

Thurman answered, asserting a general denial and affirmative defenses. He further made special exceptions to Smale's petition and alleged that Smale is a vexatious litigant pursuant to Texas Civil Practice and Remedies Code, Section 11.101. Lastly, Thurman brought counterclaims for malicious prosecution and tortious interference with property rights and sought to recover actual and exemplary damages, as well as reasonable and necessary attorney's fees and court costs by way of his counterclaim.

Subsequently,[1] Thurman filed two separate no-evidence motions for summary judgment, which the trial court granted. Thereafter, Thurman filed a traditional motion for summary judgment on his counterclaims, to which Smale responded. Following a hearing on the matter, the trial court granted Thurman's motion. In so doing, the trial court ruled that Thurman was entitled to recover attorney's fees "based on the totality of the lawsuit and the circumstances." In its written order granting Thurman's motion for summary judgment, the trial court awarded Thurman attorney's fees in the amount of $43,018.50 "for the defense of the instant litigation." This appeal followed.

## ATTORNEY'S FEES

In his first issue, Smale argues that the trial court abused its discretion by awarding Thurman attorney's fees.[2] In his motion for summary judgment, Thurman sought attorney's fees both as sanctions under Texas Civil Practice and Remedies Code, Sections 9.011 and 9.012 and in conjunction with his counterclaim for malicious prosecution.

### Attorney's Fees as Sanctions Under Sections 9.011 and 9.012

We first address whether the trial court abused its discretion in awarding attorney's fees pursuant to Sections 9.011 and 9.012.

---

[1] During the course of the proceedings, Smale filed a motion for writ of mandamus with this court. We issued an opinion on Smale's writ on April 30, 2020. *See In re Smale*, No. 12-19-00372-CV, 2020 WL 2078789 (Tex. App.–Tyler, Apr. 30, 2020) (orig. proceeding).

[2] *See* TEX. R. APP. P. 38.1(f) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included").

*Standard of Review and Governing Law*

We review the imposition of sanctions under an abuse of discretion standard. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014); *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *see also Altesse Healthcare Solutions, Inc. v. Wilson*, 540 S.W.3d 570, 573 (Tex. 2018). A sanctions award will not withstand appellate scrutiny if the trial court acted without reference to guiding rules and principles to such an extent that its ruling was arbitrary or unreasonable. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). A sanctions award that fails to comply with due process constitutes an abuse of discretion because a trial court has no discretion in determining what the law is or applying the law to the facts. *See TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991); *see also Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex. 1996). But we will not hold that a trial court abused its discretion in levying sanctions if some evidence supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009). Generally, courts presume pleadings and other papers are filed in good faith. *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex. 1993). The party seeking sanctions bears the burden of overcoming this presumption of good faith. *Id.* at 731.

In its order awarding sanctions, the trial court does not identify the statute or rule under which it imposed sanctions, but a judgment imposing sanctions will be upheld "on any applicable theory that finds support in the record." *Bradt v. Sebek*, 14 S.W.3d 756, 764 (Tex. App.–Houston [1st Dist.] 2000, pet. denied); *N.Y. Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 205 (Tex. App.–Dallas 1993, no writ). To determine whether any applicable theory finds support in the record, we must consider the "theories" under which Thurman sought sanctions, i.e., Texas Civil Practice and Remedies Code, Chapter 9. *See Dunavin v. Meador*, No. 02-07-00230-CV, 2008 WL 2780782, at *4 (Tex. App.–Fort Worth Jul. 17, 2008 (mem. op.); *cf. also Guerra v. L&F Distributors, LLC*, 521 S.W.3d 878, 889 (Tex. App.–San Antonio 2017, no pet.) (appellate court review confined to specific rule cited as basis for ordering sanctions when determining whether sanctions are proper); *see also Hardaway v. Nixon*, 544 S.W.3d 402, 412 (Tex. App.–San Antonio 2017, pet. denied) (when defendant moves for summary judgment, he must state expressly in motion specific grounds upon which relief is sought, and summary judgment only may be granted on those grounds).

Section 9.011 provides as follows:

The signing of a pleading as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry, the pleading is not:

(1) groundless and brought in bad faith;
(2) groundless and brought for the purpose of harassment; or
(3) groundless and interposed for any improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation.

TEX. CIV. PRAC. & REM. CODE ANN. § 9.011 (West 2017). The trial court may award sanctions if it determines that a pleading has been signed in violation of any one of the standards prescribed by Section 9.011. *Id.* § 9.012(a) (West 2017). Chapter 9 does not apply to any proceeding to which Section 10.004 of Texas Civil Practice and Remedies Code or Texas Rule of Civil Procedure 13 applies. *Id.* § 9.012(h); *Low*, 221 S.W.3d at 614.

*Availability of Sanctions under Chapter 9*

In his motion for summary judgment, after setting forth the three potential bases for sanctions under Section 9.011, Thurman declined to specify whether he contended Smale acted in bad faith or for some other underlying purpose. Instead, he made only the following, cursory argument: "Defendant incorporates and adopts the arguments above as if fully stated herein. Defendant requests the Court impose sanctions and award reasonable expenses, court costs, and attorney's fees incurred in the defense of Plaintiff's frivolously filed Petition." As they may relate to bad faith or another, underlying purpose, the "arguments above" in his motion for summary judgment are contained within his arguments underlying his counterclaim for malicious prosecution. There, he describes Smale's petition and the litany of ensuing pleadings as being redundant, meritless, malicious,[3] reckless, and grossly indifferent to the truth. But even given these myriad descriptions, he neither expressly nor implicitly contends that Smale acted with any specified purpose.

In this context, "bad faith" exists when a party fails to make a reasonable inquiry into the facts before filing the pleading. *See Elkins v. Stotts-Brown*, 103 S.W.3d 664, 669 (Tex. App.–Dallas 2003, no pet.). Improper motive is an essential element of bad faith. *Id.* Bad faith is not simply bad judgment or negligence but means the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose. *Id.* "Harass" often is used to describe actions that tend to

---

[3] As Thurman noted in his motion, in a malicious prosecution claim, "malice" is defined as "ill will, evil motive, or such gross indifference or reckless disregard for the rights of others as to amount to a willful and wanton act." *French v. French*, 385 S.W.3d 61, 69 (Tex. App.–Waco 2012, pet. denied).

4

annoy, alarm, and verbally abuse another person. *Id.* Based on the words Thurman chose to describe Smale's conduct and his failure to specify that Smale acted with any specific purpose, albeit improper, we conclude that Thurman's contention properly is construed to be that Smale made groundless pleadings in bad faith. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 9.011(1).

As set forth previously, Chapter 9's application is limited to proceedings in which neither Rule 13 nor Chapter 10 applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 9.012(h); *see also Low*, 221 S.W.3d at 614. Chapter 9 largely has been subsumed by subsequent revisions to the code. *Nath*, 446 S.W.3d at 362 n.6 (citing Cynthia Nguyen, *An Ounce of Prevention is Worth a Pound of Cure?: Frivolous Litigation Diagnosis Under Texas Government Code Chapters 9 and 10, and Texas Rule of Civil Procedure 13*, 41 S. TEX. L. REV. 1061, 1083–84 (2000) (theorizing "it would be difficult to conceive of a scenario in which Chapter 9 would be applicable," and noting that "there are only a handful of cases that even cite Chapter 9, and these date from before the 1999 amendment to Section 9.012")).

Rule 13 provides as follows:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215, upon the person who signed it, a represented party, or both.
>
> Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law.

TEX. R. CIV. P. 13. Sanctions available under Texas Rule of Civil Procedure 215 include attorney's fees. *See, e.g.*, TEX. R. CIV. P. 215.2(b)(8). Because we have concluded that the core contention in Thurman's motion for sanctions is that Smale made groundless pleadings in bad faith, we further conclude that Chapter 9 is not an appropriate vehicle for Thurman to recover attorney's fees as

5

sanctions because such sanctions are available under Rule 13 for the same category of conduct.[4] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 9.012(h); *see also **Low***, 221 S.W.3d at 614.

**Attorney's Fees as Damages for Malicious Prosecution**

Thurman also sought to recover attorney's fees in conjunction with his malicious prosecution counterclaim. Generally, a prevailing party cannot recover attorney's fees from an opposing party unless permitted by statute, by contract between the parties, or under equity. ***Holland v. Wal-Mart Stores***, 1 S.W.3d 91, 95 (Tex. 1999); ***Knebel v. Capital Nat'l Bank***, 518 S.W.2d 795, 799 (Tex. 1974). Thus, because no statute provides for the recovery of attorney's fees in an action for malicious prosecution, and because, here, there is no contract between the parties, attorney's fees are not recoverable in the usual sense. But these facts do not end our inquiry.

*Standard of Review*

The standard for reviewing a traditional summary judgment is well established. *See **Sysco Food Servs. v. Trapnell***, 890 S.W.2d 796, 800 (Tex. 1994); ***Nixon v. Mr. Prop. Mgmt. Co.***, 690 S.W.2d 546, 548–49 (Tex. 1985); ***First Union Nat'l Bank v. Richmont Capital Partners I, L.P.***, 168 S.W.3d 917, 923 (Tex. App.–Dallas 2005, no pet.). The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); ***Nixon***, 690 S.W.2d at 548. When the movant seeks summary judgment on a claim in which the nonmovant bears the burden of proof, the movant either must negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See **Randall's Food Markets, Inc. v. Johnson***, 891 S.W.2d 640, 644 (Tex. 1995). When the movant seeks summary judgment on a claim in which the movant bears the burden of proof, the movant must prove all essential elements of the claim. ***Winchek v. Am. Express Travel Related Servs. Co.***, 232 S.W.3d 197, 201 (Tex. App.–Houston [1st Dist.] 2007, no pet.). Once the movant has established a right to summary judgment, the burden shifts to the nonmovant to respond to the motion and present to the trial court

---

[4] Even had the trial court awarded attorney's fees under Rule 13, the result would not differ. A trial court may not impose Rule 13 sanctions without enumerating the particulars of the good cause for imposing sanctions in an order. ***Guerra v. L&F Distributors, LLC***, 521 S.W.3d 878, 889 (Tex. App.–San Antonio 2017, no pet.). Without such findings, effective review of the sanctions is unavailable. ***Id.*** An order imposing Rule 13 sanctions that fails to state the particulars of good cause is an abuse of discretion and unenforceable. ***Id.*** Here, as set forth previously, the trial court's order failed to enumerate the particulars of good cause for sanctions.

any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). The trial court may not grant summary judgment by default against the nonmovant for failing to respond to the motion when the movant's summary judgment proof is insufficient. *See id.* at 678; *Ellert v. Lutz*, 930 S.W.2d 152, 155 (Tex. App.– Dallas 1996, no writ).

*Governing Law*

To prevail in a suit alleging malicious prosecution of a civil claim, the plaintiff must establish: (1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor; and (6) special damages. *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996); *Airgas-Sw., Inc. v. IWS Gas & Supply of Tex., Ltd.*, 390 S.W.3d 472, 478 (Tex. App.–Houston [1st Dist.] 2012, pet. denied). The required damages or injury are termed "special" to distinguish them from the "ordinary losses incident to defending a civil suit, such as inconvenience, embarrassment, discovery costs, and attorney's fees." *See Tex. Beef*, 921 S.W.2d at 208.

"The rule is firmly established in Texas which denies an award of damages for the prosecution of civil suits, with malice and without probable cause, unless the party sued suffers some interference, by reason of the suit, with his person or property." *Airgas-Sw.*, 390 S.W.3d at 478–79. Thus, Texas law requires "actual interference with the defendant's person (such as an arrest or detention) or property (such as an attachment, an appointment of receiver, a writ of replevin or an injunction)" in order to meet the special injury requirement. *Id.* (citing *Sharif–Munir–Davidson Dev. Corp. v. Bell*, 788 S.W.2d 427, 430 (Tex. App.–Dallas 1990, writ denied) (holding that recording notice of lis pendens did not constitute the required "actual seizure" of property necessary to constitute special injury)). When the alleged interference pertains to a person, appellate courts have affirmed judgments for malicious prosecution when the claimant was physically detained, even if the detention lasted a relatively short time. *Airgas-Sw.*, 390 S.W.3d at 479. When the alleged interference pertains to property, actual seizure similarly meets the standard. *Id.* In short, the kind of interference with person or property required to meet the special injury requirement is "physical interference." *See Tex. Beef*, 921 S.W.2d at 209.

Ordinary interferences with persons and property that any party suffers incident to a civil suit are not of the type that supports an action for malicious prosecution. *See id.* at 208–09. For

7

instance, neither a deposition nor subpoena duces tecum constitute "the type of 'detention' or 'seizure' contemplated by the Texas courts" to meet the special injury requirement. *Airgas-Sw.*, 390 S.W.3d at 479.

Moreover, Texas courts of appeals consistently have declined to hold that the special injury requirement may be satisfied by consequential damages resulting from the underlying suit, such as attorney's fees and litigation costs, loss of professional or personal reputation, humiliation, mental anguish, loss of business and contracts, pecuniary and economic losses, diversion of time and attention to defending against the suit, increased insurance premiums, and loss of ability to obtain credit. *Id.* at 479–80. But once the special injury hurdle has been cleared, that injury serves as a threshold for recovery of the full range of damages incurred as a result of the malicious litigation, including damages based on the amount of the defending party's attorney's fees. *See id.*

### *Discussion*

In his motion for summary judgment, Thurman described his "special injury," in pertinent part, as follows:

> Prior to the institution of this suit, Defendant met with a potential purchaser for the Rose Hill Springs subdivision, along with said purchaser's bank representative. The potential purchaser expressed interest in the property, and the parties subsequently met again to discuss specifics on February 8, 2020. During this meeting, Defendant informed said purchaser of the pending litigation. As a result, the potential transaction was placed on hold pending resolution of the suit in Defendant's favor, and an analysis of the reputational damage Defendant suffered as a result of the lawsuit. Accordingly, Defendant has suffered special injury because Plaintiff's baseless litigation has prevented Defendant from closing this potential sale.

This court previously has held that allegations of lost employment contracts and embarrassment resulting from litigation do not rise to the level of "special damages." *See* ***Haygood v. Chandler***, No. 12-02-00239-CV, 2003 WL 22480560, at *5 (Tex. App.–Tyler Oct. 31, 2003) (mem. op.); *see also* ***Ross v. Arkwright Mut. Ins. Co.***, 902 S.W.2d 119, 131 (Tex. App.–Houston [14th Dist. 1994], no writ) (damages which flow directly or indirectly from the mere fact that a suit was filed, including lost business relationships, do not conform to legal standards in Texas); ***Butler v. Morgan***, 590 S.W.2d 543, 544–45 (Tex. Civ. App.–Houston [1st Dist.] 1979, writ ref'd n.r.e.).

In the instant case, no temporary restraining order or temporary injunctive relief was granted restricting Thurman's use of his property. In fact, the trial court denied Smale's motion for temporary injunction on August 29, 2019, more than five months prior to the meeting with a

potential purchaser upon which Thurman relies in support of the special damages element of his malicious prosecution cause of action. Therefore, because the evidence Thurman presented does not demonstrate actual interference with his property, but rather injury akin to a lost potential contractual opportunity relating to the sale of that property, we conclude that such evidence did not support the special injury element of his malicious prosecution claim. As a result, because Thurman did not prove that he was entitled to judgment as a matter of law for malicious prosecution, the trial court erred in granting summary judgment and awarding attorney's fees, presumably as damages, on that claim. *See* TEX. R. CIV. P. 166a(c).

## Summation

We have concluded that the trial court abused its discretion in awarding attorney's fees as sanctions pursuant to Chapter 9 because it is not an appropriate vehicle to recover attorney's fees as sanctions where such sanctions are available under Rule 13 for the same category of conduct. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 9.012(h); *see also Low*, 221 S.W.3d at 614. We further have concluded that the trial court erred in granting summary judgment for Thurman on his malicious prosecution claim and awarding attorney's fees, presumably as damages, on that claim. Thus, because the award of attorney's fees was made as a result of an abuse of discretion or, alternatively, as a result of erroneously granted summary judgment, it was improper. Smale's first issue is sustained.

### FAILURE TO CONDUCT HEARING ON MOTION TO COMPEL DISCOVERY

In his second issue, Smale contends that the trial court abused its discretion by failing to conduct a hearing on his motions to compel responses to discovery, as well as by its failing to address both his request for additional findings of fact and conclusions of law and his motion to modify, correct, and reform the judgment. In support of his second issue, Smale limits his argument to the matter of the trial court's failure to grant him a hearing to argue his motion to compel discovery. Thus, we limit our discussion to that argument. *See* TEX. R. APP. P. 38.1(i); *Gonzalez v. VATR Const. LLC*, 418 S.W.3d 777, 784 (Tex. App.–Dallas 2013, no pet.) ("Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support his contention").

A motion to compel may be ruled upon by a trial court after "reasonable notice to other parties and all other persons affected." TEX. R. CIV. P. 215.1. Whether to hold an oral hearing on a motion to compel is a matter within the discretion of the trial court. *Cire*, 134 S.W.3d at 843. Either party may request an oral hearing. *See McKinney v. Nat'l Union Fire Ins. Co.*, 772 S.W.2d 72, 74–75 (Tex.1989). But there is no "oral hearing" requirement in the rules.[5] And even though Rule 215.3, which authorizes a trial court to impose sanctions, does require "notice and hearing" before sanctions are imposed, nothing in the rule indicates that this must be an "oral hearing." *See* TEX. R. CIV. P. 215.3; *Cire*, 134 S.W.3d at 843–44. A "hearing" does not necessarily contemplate a personal appearance before the court or an oral presentation to the court. *Cire*, 134 S.W.3d at 844; *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (oral hearing not required on motion for summary judgment); *see also Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988) ("[N]ot every hearing called for under every rule of civil procedure, however, necessarily requires an oral hearing."). Thus, the trial court did not abuse its discretion by declining to conduct an oral hearing on Smale's motion to compel responses to discovery. Smale's second issue is overruled.

## PRO SE REPRESENTATION AS INDEPENDENT CO-TRUSTEE OF REVOCABLE LIVING TRUST

In his third issue, Smale argues that the trial court abused its discretion and denied him due process of law by not permitting him to engage in pro se representation in his capacity as independent co-trustee of the J9BAS Revocable Living Trust.

First, we note that J9BAS Revocable Living trust is not a party to the underlying litigation. Nonetheless, we are guided by the rationale of our sister court in *In re Guetersloh*, 326 S.W.3d 737 (Tex. App.–Amarillo [Panel A] 2010) (orig. proceeding). There, the relator argued that since Guetersloh, who also was Trustee of the 1984 Guetersloh Trust, was a party to the suit prosecuted by the Real Parties in Interest, he was authorized to proceed pro se under Texas Rule of Civil Procedure 7 "either in person or by an attorney of the court." *Id.* at 739. But as the court noted, the right of a party to self-representation is not absolute. *Id.* (citing *Kunstoplast of Am. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (holding that a non-attorney may not appear pro se on behalf of a corporation); *Steele v. McDonald*, 202 S.W.3d 926, 928–29 (Tex.

---

[5] However, if a motion to compel is granted, after an "opportunity for a hearing," the trial court may order costs and/or expenses. *See* TEX. R. CIV. P. 215.1(d).

App.–Waco 2006, no pet.) (holding that non-attorney may not appear pro se in his capacity as independent executor of an estate)).  In concluding that the logic in **Kunstoplast** and **Steele** was therein applicable, the court reasoned as follows:

> First, contrary to Relators' argument, the plain reading of Rule 7 does not suggest that a non-lawyer can appear pro se, in the capacity of trustee of a trust, because in that role he is appearing in a representative capacity rather than in propria persona.  Because of the nature of trusts, the actions of the trustee affect the trust estate and[,] therefore[,] affect the interests of the beneficiaries. It follows that because a trustee acts in a representative capacity on behalf of the trust's beneficiaries, he is not afforded the personal right of self-representation.
>
> Secondly, the Texas Legislature has defined the practice of law to include, among other things, "the preparation of pleadings or other documents incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court . . . ." Consistent with that legislative mandate, Relator's appearance in the trial court in his capacity as trustee falls within this definition of the "practice of law."  Accordingly, if a non-attorney trustee appears in court on behalf of the trust, he or she necessarily represents the interests of others, which amounts to the unauthorized practice of law.  *See* **Ziegler v. Nickel**, 64 Cal.App.4th 545, 549, 75 Cal.Rptr.2d 312 (1998) (holding that "[a] nonattorney trustee who represents the trust in court is representing and affecting the interest of the beneficiary and is thus engaged in the unauthorized practice of law").

*Id.* at 740.  Ultimately, the court held that the trial court did not err in prohibiting Guetersloh, in his capacity as trustee of the 1984 Guetersloh Trust, from appearing without legal representation. *See* **id.**

Based on the aforementioned analysis of the issue by our sister court, we likewise hold that the trial court did not abuse its discretion by prohibiting Smale, in his purported capacity as co-trustee of the J9BAS Revocable Living Trust, from appearing without legal representation, to the extent that the trust, as a nonparty, was required to appear in this case.  *See* **id.**  Smale's third issue is overruled.

**MOTION TO RECUSE**

In his fourth issue, Smale argues that Tenth Administrative Judicial Region Presiding Judge F. Alfonso Charles abused his discretion and denied Smale due process of law by preventing him from arguing in support of his motion to recuse the trial court judge, Jeffrey L. Fletcher.

We recognize that Smale is acting pro se on appeal, and, as we have throughout this opinion, we must construe his briefing liberally.  *See* **Amrhein v. Bollinger**, 593 S.W.3d 398, 401 (Tex. App.–Dallas 2019, no pet.); *see also* **Sterner v. Marathon Oil Co.**, 767 S.W.2d 686, 690 (Tex. 1989).  However, our rules of appellate procedure have specific requirements for briefing,

11

*see* TEX. R. APP. P. 38.1, and the law is well-settled that a party proceeding pro se must comply with all applicable rules. ***Amrhein***, 593 S.W.3d at 401; ***Harris v. Showcase Chevrolet***, 231 S.W.3d 559, 561 (Tex. App.–Dallas 2007, no pet.). We may not apply different standards for litigants appearing without advice of counsel. ***Bolling v. Farmers Branch Indep. Sch. Dist.***, 315 S.W.3d 893, 895 (Tex. App.–Dallas 2010, no pet.); *see also* ***Morris v. Am. Home Mortg. Servicing, Inc.***, 360 S.W.3d 32, 36 (Tex. App.–Houston [1st Dist.] 2011, no pet.). Otherwise, pro se litigants would be afforded an unfair advantage over those represented by counsel. *See* ***Sprowl v. Stiles***, No. 05-18-01058-CV, 2019 WL 3543581, at *4 (Tex. App.–Dallas Aug. 4, 2019, no pet.) (mem. op.). Therefore, on appeal, Smale properly must present his case according to the rules of appellate procedure.

## Requirements of Texas Rule of Appellate Procedure 38.1

The right to appellate review in Texas extends only to complaints made in accordance with our rules of appellate procedure, which require an appellant clearly to articulate the issues we will be asked to decide, to make cogent and specific arguments in support of its position, to cite authorities, and to specify the pages in the record where each alleged error can be found. TEX. R. APP. P. 38.1; ***Amrhein***, 593 S.W.3d at 401; ***Lee v. Abbott***, No. 05-18-01185-CV, 2019 WL 1970521, at *1 (Tex. App.–Dallas May 3, 2019, no pet.) (mem. op.); ***Bolling***, 315 S.W.3d at 895 (rules require appellants to "state concisely the complaint they may have, provide understandable, succinct and clear argument for why their complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with record references that are appropriate").

We will not look outside an appellate brief for arguments in support of an issue when doing so would circumvent the rules of appellate procedure. *See* ***Lee***, 2019 WL 1970521, at *1. Nor are we responsible for searching the record for facts or for conducting legal research that may be favorable to a party's position. ***Id.***; ***Bolling***, 315 S.W.3d at 895. If we did so, we would be abandoning our proper role as neutral arbiters and become advocates for a party. ***Bolling***, 315 S.W.3d at 895.

Rule 38.1(f) requires Smale's brief to "state concisely all issues or points presented for review." TEX. R. APP. P. 38.1(f). Where Smale has not adequately articulated the issues, his brief fails. ***Bolling***, 315 S.W.3d at 896. Rule 38.1(i) requires Smale's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the

record." TEX. R. APP. P. 38.1(i). If we must speculate or guess about Smale's contentions, his brief fails. ***Bolling***, 315 S.W.3d at 896.

Moreover, the rules of appellate procedure additionally require Smale's brief to include a statement of facts that "state[s] concisely and without argument the facts pertinent to the issues or points presented." TEX. R. APP. P. 38.1(g). The statement of facts must be supported by record references. ***Id.*** To fulfill these requirements, Smale must "provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." ***Morrill v. Cisek***, 226 S.W.3d 545, 548 (Tex. App.–Houston [1st Dist.] 2006, pet. denied). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." ***Id.*** (quoting ***Tesoro Petrol. Corp. v. Nabors Drilling USA, Inc.***, 106 S.W.3d 118, 128 (Tex. App.–Houston [1st Dist.] 2002, pet. denied)). Smale must explain how the law in the cited authorities applies to the material facts in the record and supports his arguments on appeal. ***Schmitz v. Denton Cty. Cowboy Church***, 550 S.W.3d 342, 363 (Tex. App.–Fort Worth 2018, pet. denied).

When the issue on appeal is unsupported by argument or lacks citation to the record or to legal authority, nothing is presented for review. ***Amrhein***, 593 S.W.3d at 402 (citing ***Republic Underwriters Ins. Co. v. Mex-Tex, Inc.***, 150 S.W.3d 423, 427 (Tex. 2004)).

**Discussion of Smale's Briefing of His Fourth Issue**

In his brief, Smale's argues, in pertinent part, as follows:

> The denial of due process of law was predicated by conflicting notice of hearings sent to Smale by assigned judge Alfonso Charles' court coordinator and trial court judge Jeffrey Fletcher's court coordinator, respective to recusal hearings on or about September 30, 2019[,] and December 6, 2019; and the abuse of discretion committed by trial court judge Jeffrey Fletcher and assigned 10th Administrative Judicial Regional Judge Alfonso Charles. Smale appeared at one of the two conflicting scheduled hearings, respectively, on September 30, 2019[,] and on December 6, 2019.

Smale's briefing on his fourth issue contains little to no cogent argument, analysis, or articulation of the issue. It utterly fails to comply with Rule 38.1. It fails to present citation to relevant portions of the record to help this court review the purportedly applicable facts, i.e., the alleged conflicting notices of hearing. Nor does it contain cogent argument or citation to authorities. Based on this court's best efforts to review the record, it appears that Smale filed a motion to recuse Judge Fletcher and failed to attend the hearing on the motion, which resulted in the motion's being denied. Subsequently, he filed a supplemental motion to recuse and, again,

13

failed to attend the hearing on the motion, which was denied. If other relevant facts or circumstances exist to support Smale's fourth issue, apart from a vague reference to discrepancies in notices of hearing, he neither specifically revealed such facts or circumstances to this court nor explained how, with specific reference to authority, the trial court's actions amounted to error, an abuse of discretion, or a violation of his due process rights. Accordingly, we conclude that Smale's fourth issue presents nothing for our review. *See Amrhein*, 593 S.W.3d at 402 (citing *Republic Underwriters Ins. Co.*, 150 S.W.3d at 427). Smale's fourth issue is overruled.

## RESULT OF RESOLUTION OF ISSUE 1

At the conclusion of our analysis of Smale's first issue, we held that the award of attorney's fees was improper because it either was made as a result of an erroneously granted summary judgment or resulted from an abuse of discretion. However, the trial court's order does not specify the basis for its award of attorney's fees.

If the trial court found that attorney's fees are available in conjunction with Thurman's counterclaim for malicious prosecution, we concluded that the trial court erred in granting summary judgment in his favor because the undisputed facts underlying the element of "special injury" do not support a conclusion that Thurman was entitled to judgment as a matter of law. Therefore, under these circumstances, we must reverse the trial court's order granting summary judgment on Thurman's malicious prosecution counterclaim and vacate its award of attorney's fees as damages for malicious prosecution. Furthermore, because Smale did not move for summary judgment on Thurman's malicious prosecution counterclaim, we may not render a take nothing judgment in his favor on that claim but, instead, must remand that matter to the trial court for further proceedings consistent with this opinion. *See City of W. Tawakoni v. Williams*, 742 S.W.2d 489, 495 (Tex. App.–Dallas 1987, writ denied).

On the other hand, if the trial court awarded attorney's fees as sanctions pursuant to Texas Civil Practice and Remedies Code, Chapter 9, we concluded that it abused its discretion because, in this instance, Chapter 9 is not an appropriate vehicle to recover attorney's fees as sanctions because such sanctions are available under Rule 13 for the same category of conduct. Therefore, under these circumstances, we must reverse the trial court's award of attorney's fees as sanctions and vacate the award. *See, e.g.*, *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 732 (Tex. 1993).

14

## DISPOSITION

We have sustained Smale's first issue. Having done so, we *reverse* in part the trial court's order granting summary judgment with regard to Thurman's counterclaim for malicious prosecution, *vacate* the award of attorney's fees, and *remand* the cause for further proceedings consistent with this opinion. Having overruled Smale's second, third, and fourth issues, we *affirm* the remainder of the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered November 3, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

15



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER , 2021**

**NO. 12-20-00202-CV**

**BRIAN A. SMALE,**
Appellant
V.
**GLEN THURMAN, A/K/A GLEN THURMAN BUILDER, INC., A/K/A ROSE HILL SPRINGS DEVELOPMENT, LLC AND WOOD COUNTY COMMISSIONER'S COURT,**
Appellee

Appeal from the 402nd District Court

of Wood County, Texas (Tr.Ct.No. 2019-483)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that there was error in judgment of the court below insofar as it granted summary judgment with regard to Glen Thurman's counterclaim for malicious prosecution or, alternatively, awarded attorney's fees as sanctions.

It is therefore ORDERED, ADJUDGED, and DECREED by this Court that the judgment of the court below wherein the trial court granted summary judgment with regard to Glen Thurman's counterclaim for malicious prosecution is **reversed,** and the cause is **remanded** to the trial court **for further proceedings** consistent with the opinion of this Court. It is further ORDERED, ADJUDGED and DECREED that the award of attorney's fees be **vacated**; in all other respects the judgment of the trial court is **affirmed**. It is further ORDERED that the parties bear

their own costs in this cause expended, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*