

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ, | § | No. 08-12-00014-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 5 |
| ISRAEL MENDOZA, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2011-1222) |
| | § | |

## **O P I N I O N**

Proceeding *pro se*, Alejandro Hernandez appeals from the trial court's order granting Israel Mendoza's motion for summary judgment on Hernandez's claim of malicious prosecution. In two issues, Hernandez contends that the trial court erred by granting summary judgment and by overruling his objections to Mendoza's summary judgment evidence. Concluding that the trial court erred in granting summary judgment, we reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

This case stems from a family law dispute between Mendoza and his former wife, Edith Roman, who is now married to Hernandez. Simply stated, it presents a case of "he said/he said" between Husband #1 and Husband #2.

Roman obtained an order from the family court requiring Mendoza to pay increased child

support and to reimburse her for certain medical expenses incurred by her on behalf of one of their children. Shortly after Roman obtained the court order, she and her husband began communicating with Mendoza by email and telephone. Mendoza asked them to stop calling him. Roman did not, prompting Mendoza to file a report with the El Paso Police Department.[1] According to Mendoza, when he received four successive calls from a blocked number he recognized -- the fourth one a voice mail from Hernandez threatening him with malicious prosecution for reporting Roman -- Mendoza contacted the police.

Detective Laura Porter was assigned to investigate. During her investigation, Porter spoke to Mendoza on four separate occasions and took two statements. According to Porter, Mendoza informed her of numerous annoying phone calls made by Hernandez and brought her documentation in support of his complaint. After her investigation was complete, Porter typed an affidavit in support of a harassment complaint and presented it to the district attorney. Assistant District Attorney Kristin Romero reviewed the case and, exercising her discretion, accepted it for prosecution.

Hernandez was arrested and tried on a single charge of harassment, but was subsequently acquitted by a jury. Hernandez then sued both Mendoza and Detective Porter for malicious prosecution. Mendoza moved for summary judgment on three grounds: (1) that he did not initiate or procure Hernandez's prosecution and that, if he did initiate or procure the prosecution; (2) he did not lack probable cause to do so; and (3) did not do so maliciously. In the order granting summary judgment for Mendoza, the trial court stated its reason for doing so: "The Court finds that there was probable cause as a matter of law for the issuance of the capias ordering

---

[1] Roman was subsequently tried and convicted of harassing Mendoza. This Court upheld her conviction on direct appeal. *See Roman v. State*, 2012 WL 5287933, 08-11-00057-CR (Tex.App.--El Paso October 24, 2012, no pet.)(not designated for publication).

2

[Hernandez's arrest] for the offense of telephone harassment . . . ."

## SUMMARY JUDGMENT

We review a trial court's summary judgment *de novo*. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Where, as here, the trial court expressly states in its order the ground on which it granted summary judgment, we must determine if the trial court was correct in granting summary judgment on that basis. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625-26 (Tex. 1996). In the interest of judicial economy, we may consider other grounds that were raised and preserved by the movant but not ruled on by the trial court to decide if they support summary judgment. *Id*. at 626; *see Haddad v. Wood*, 949 S.W.2d 438, 440, 442 (Tex.App.--El Paso 1997, writ denied)(citing *Cates* as authority permitting consideration of both grounds raised by the movants in their motion for summary judgment because trial court granted summary judgment "based upon the Statute of Frauds" without specifying under which of the two grounds raised in the motion – both based on the Statute of Frauds – judgment was granted).

A party moving for traditional summary judgment must establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). If the defendant is the party moving for traditional summary judgment, he must negate at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). If the defendant establishes his right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

3

Evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). In ascertaining whether the plaintiff has presented such evidence, we consider all the evidence in the light most favorable to him, crediting evidence favorable to him if reasonable jurors could, and disregarding evidence contrary to him unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the plaintiff's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

## MALICIOUS PROSECUTION

The elements of malicious prosecution are: (1) commencement of a criminal prosecution against the plaintiff; (2) the defendant's initiation or procurement of that prosecution; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) lack of probable cause to initiate or procure the prosecution; (6) malice in filing the charge; and (7) damage to the plaintiff. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 n.3 (Tex. 2006).

### <u>Initiation or Procurement of Prosecution</u>

Mendoza moved for summary judgment on the ground that he was not responsible for Hernandez's criminal prosecution. He contends that he neither initiated nor procured the prosecution because: (1) the decision to prosecute was solely made by an assistant district attorney; and (2) there is no proof that he provided false information that was the basis for the assistant district attorney's decision to prosecute.

To prove malicious prosecution, a plaintiff must establish that the defendant caused his

4

prosecution by either initiating or procuring it.[2]  *See Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997); *Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 292 (Tex. 1994).  A defendant procures a criminal prosecution when his actions are enough to cause the prosecution, and but for those actions, the prosecution would not have occurred.  *Lieck*, 881 S.W.2d at 292-93.  A defendant does not procure a criminal prosecution when the decision to prosecute is left to the discretion of another, such as a law enforcement official or a grand jury, unless the defendant knowingly provided false, material information and the false information caused a criminal prosecution.  *King v. Graham*, 126 S.W.3d 75, 76 (Tex. 2003)(per curiam).

Hernandez concedes that the decision to prosecute him was made by Assistant District Attorney Romero after reviewing the affidavit prepared by Detective Porter.   But he contends that "the *facts* . . . provided by [Mendoza] to Detective Porter and included by Porter in the Complaint Affidavit that she prepared and turned over to ADA Romero . . . are <u>entirely</u> false."   [Emphasis in orig.].

In his affidavit and statements to Detective Porter, Mendoza claimed that Hernandez called him repeatedly despite being asked not to do so.   Hernandez testified in his deposition that he did not call Mendoza the numerous times Mendoza claimed.   According to Hernandez, he called Mendoza only twice, once in January 2010 and once in March 2010, and left voice mail each time.  Hernandez acknowledged that in his last voice mail, he threatened to sue Mendoza for malicious prosecution arising from Mendoza's action in reporting Roman to the police.   Mendoza's own evidence corroborates Hernandez's testimony.   In his affidavit, Mendoza identified only two specific instances when Hernandez called him.   One was described as occurring in early January

---

[2] "A person initiates a criminal prosecution if he makes a formal charge to law enforcement authorities."  *Lieck*, 881 S.W.2d at 292.

2010. As fleshed out in Mendoza's first statement to Detective Porter, Hernandez called Mendoza shortly after the court order to notify him that he was sending an email, the contends of which we will describe shortly. The second occurrence is the voice mail in which Hernandez threatened Mendoza with malicious prosecution. That specific voice mail was also recounted by Mendoza in his first statement to Detective Porter. Mendoza did not identify any additional calls made by Hernandez. Indeed, Mendoza's own telephone logs reveal that Hernandez only called Mendoza twice.

The summary judgment evidence also casts doubts on the truthfulness of Mendoza's accusations that Hernandez threatened him repeatedly. In his first statement to Detective Porter, Mendoza claimed Hernandez threatened him with a lawsuit if he failed to come to an agreement about a bill. However, this claim is belied by the email itself, which Mendoza attached to his motion for summary judgment. The pertinent section of the email reads: "We request that you notify us of your intent to participate in the judge's mandate [to pay orthodontic charges not covered by insurance] or if further judicial proceedings will be required." This statement is less a threat than an inquiry as to whether enforcement proceedings would be required. In his second statement to Detective Porter, Mendoza declared that "[Roman] and [Hernandez] call[ed] [him] repeatedly and threaten[ed] to sue [him] or take him back to court." Hernandez admitted threatening to file suit for malicious prosecution. So the question presented is this: Are two phone calls resulting in voice mails referencing legal action sufficient to establish harassment as a matter of law?

> A person commits [the offense of harassment] if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he:
>
> .          .          .

6

> (4)   causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

TEX.PENAL CODE ANN. § 42.07(a)(4)(West 2011).

The Court of Criminal appeals has not specifically defined "repeated," but it has articulated that the word means more than one call in close proximity to another:

> The term 'repeated' is commonly understood to mean 'reiterated,' 'recurring,' or 'frequent.'  *Webster's Ninth New Collegiate Dictionary* 998 (1988); 2 *Oxford English Dictionary* 2494 (1971).   Here, we believe that the Legislature intended the phrase 'repeated telephone communications' to mean 'more than one telephone call in close enough proximity to properly be termed a single episode,' because it is the frequent repetition of harassing telephone calls that makes them intolerable and justifies their criminal prohibition.

*Scott v. State,* 322 S.W.3d 662, 669 n.12 (Tex.Crim.App. 2010).   Hernandez called twice within a three month period.   Whether this conduct is "frequent" and within such "close enough proximity to properly be termed a single episode" is on this record a question of fact.   We conclude that Mendoza failed to establish as a matter of law that he did not initiate or procure Hernandez's criminal prosecution.   Accordingly, the trial court erred in granting summary judgment on this basis.

### Lack of Probable Cause

Mendoza also moved for summary judgment on the ground that, if he did initiate or procure Hernandez's prosecution, he did not lack probable cause to do so.   Mendoza argues that the trial court correctly granted summary judgment on this ground because a magistrate found probable cause to issue a warrant for Hernandez's arrest.

Probable cause is "the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor [complainant], that the

7

person charged was guilty of the crime for which he was prosecuted." *Richey*, 952 S.W.2d at 517, *citing Akin v. Dahl*, 661 S.W.2d 917, 921 (Tex.1983). "The probable-cause determination asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted." *Id.*, *citing Akin*, 661 S.W.2d at 920. The question is not what the actual facts were, but what the defendant honestly and reasonably believed the facts to be. *Kroger*, 216 S.W.3d at 792-93.

Mendoza has failed to establish his entitlement to summary judgment on the probable cause element of Hernandez's claim of malicious prosecution. As summary judgment evidence on probable cause, Mendoza relied on the Complaint and Information, the report and arrest warrant affidavit of Porter, the investigating officer, and the capias issued by a magistrate. Mendoza contends on appeal that if he initiated or procured Hernandez's prosecution, he did not lack probable cause to do so because the capias issued by the magistrate is an independent determination of probable cause.

The subsequent probable cause determination of the magistrate who issued the capias is irrelevant in determining whether a reasonable person would believe that Hernandez harassed Mendoza given the facts as Mendoza honestly and reasonably believed them to be before criminal proceedings were instituted. *See French v. French*, 385 S.W.3d 61, 67 (Tex.App.--Waco 2012, pet. denied)(concluding that, under *Richey*, probable cause determinations made by investigating officer and judge who issued arrest warrant were irrelevant in determining whether reasonable person would believe plaintiff committed theft given the facts as complainants honestly and reasonably believed them to be before criminal proceedings were instituted). Because Mendoza

8

does not direct our attention to any facts from his perspective upon which a reasonable person could rely to believe he was harassed by Hernandez before criminal proceedings were instituted, he has not succeeded in negating the probable cause element of Hernandez's claim of malicious prosecution. *See Richey*, 952 S.W.2d at 517. Accordingly, the trial court erred in granting summary judgment on this basis. *See French*, 385 S.W.3d at 67.

## Malice

In his motion for summary judgment, Mendoza argued that Hernandez could not show malice because "this case was accepted for prosecution by a disinterested third party, Assistant District Attorney . . . Romero."[3] A plaintiff must establish that the defendant acted with malice, which is defined as ill will, evil motive, gross indifference, or reckless disregard of the rights of others. *Digby v. Tex. Bank*, 943 S.W.2d 914, 922 (Tex.App.--El Paso 1997, writ denied). It is proved by direct or (usually) circumstantial evidence. *Id.* The absence of probable cause can provide circumstantial evidence of a hostile or malicious motive. *Id.* at 923.

When viewed in the light most favorable to Hernandez, the summary judgment evidence raises a genuine issue of material fact as to whether Mendoza acted with malice. We have already concluded that Mendoza failed to conclusively establish that he had probable cause to initiate or procure Hernandez's prosecution. As noted above, a lack of probable cause can serve as circumstantial evidence of malice. *See Digby*, 943 S.W.2d at 923. Additionally, other circumstantial evidence of malice exists. In his affidavit, Mendoza stated that Roman and Hernandez were very contentious with him "in late 2009 and 2010," the period preceding the modification proceedings in family court. The family court not only ordered that Mendoza pay

---

[3] Although Mendoza preserved this ground for appellate review, he failed to advance it on appeal as a basis for supporting summary judgment for him. Nevertheless, because this ground could support the trial court's ruling, we address it. *See Cincinnati Life Ins. Co.*, 927 S.W.2d at 625-26; *Haddad*, 949 S.W.2d at 440, 442.

9

increased child support and reimburse Roman for certain medical expenses incurred by her on behalf of the child the subject of the suit but also awarded Roman sole managing conservatorship of the child. It was against this backdrop that Mendoza made clear to Detective Porter that he wanted Roman and Hernandez prosecuted. Mendoza has not succeeded in negating the malice element of Hernandez's claim of malicious prosecution. Accordingly, summary judgment would be improper on this basis.

Because there are genuine issues of material fact which must be decided by a fact finder that can duly weigh the evidence and credibility of witnesses, we sustain Issue One. Our resolution of this issue renders it unnecessary to reach his second issue. *See* TEX.R.APP.P. 47.1. We therefore reverse and remand for trial on the merits.

July 3, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J. (Not Participating)

10