

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-00521-CV
_____

MONTE HASIE AND HASIE
FINANCIAL GROUP, APPELLANTS

V.

COMPASS BANK D/B/A BBVA COMPASS, F/K/A STATE NATIONAL BANK OF WEST
TEXAS F/K/A FIRST STATE BANK AND BBVA USA BANCSHARES, F/K/A STATE
NATIONAL BANCHARES, INC., APPELLEES

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2006-535,965; Honorable Ruben Reyes, Presiding

October 21, 2014

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE, JJ, and BOYD, S.J.[1]

Appellants, Monte Hasie (individually Hasie) and Hasie Financial Group, appeal

entry of summary judgment in favor of Appellees, Compass Bank d/b/a BBVA

---

[1] Senior Judge John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. § 75.002.(a)(1) (West 2013).

Compass, f/k/a State National Bank of West Texas f/k/a First State Bank and BBVA USA Bancshares, f/k/a State National Bancshares, Inc., in their civil suit for malicious prosecution stemming from a federal criminal prosecution of Hasie, which ultimately resulted in a judgment of acquittal. In support, Appellants assert the trial court erred in its rulings that (1) a federal statute granted absolute immunity to Appellees and (2) absolute immunity under the "judicial proceeding privilege" applied to the facts of this case. Appellants further assert (3) this Court should exercise its discretion to remand this appeal for further proceedings in the "interest of justice," (4) Appellees waived their objections to Appellants' summary judgment evidence and (5) the trial court erred in granting summary judgment because there were genuine issues of material fact concerning each claim being asserted by Appellants. We affirm the summary judgment of the trial court ordering that Appellants take nothing on the claims being asserted against Appellees.

DISCUSSION

Logic dictates we consider Hasie's fifth issue first. In doing so, we assume without deciding that all Hasie's summary judgment evidence was admissible. With this caveat in mind, having reviewed the record, we find the trial court properly granted summary judgment in favor of Appellees on all claims asserted, overrule Appellants' fifth issue and pretermit the remaining issues.

STANDARD OF REVIEW

We review the trial court's summary judgment *de novo. Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). A traditional summary judgment is proper

only if the movant establishes there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). *See Diversicare General Partner, Inc. v. Rubio,* 185 S.W.3d 842, 846 (Tex. 2005). When entitlement to summary judgment is otherwise established by the movant, the trial court is required to grant the motion unless the nonmovant comes forward with summary judgment evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(b). In our review of a trial court's grant of summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Dorsett,* 164 S.W.3d at 661; *Provident Life and Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003).

A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Frost Nat'l Bank v. Fernandez,* 315 S.W.3d 494, 508 (Tex. 2010). *See City of Keller v. Wilson,* 168 S.W.3d 802, 816 (Tex. 2005) (matter conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence). Moreover, if, as here, a trial court's granting of summary judgment does not specify the basis for the trial court's ruling, the summary judgment will be affirmed if any theory advanced by the movant is meritorious. *Joe v. Two Thirty Nine JV,* 145 S.W.3d 150, 157 (Tex. 2004).

MALICIOUS PROSECUTION

In October 2004, Hasie was indicted for conspiracy to defraud the United States by allegedly violating 18 U.S.C. § 371 (2000) (bank fraud), 18 U.S.C. § 1344 (2000)

3

(credit fraud), 18 U.S.C. § 1014 (Supp. I 2014) (false statement or overvaluation of security), and 18 U.S.C. § 1956 (2000 & Supp. I 2014) (money laundering). After a jury trial in federal court resulted in a guilty verdict on twenty-two separate counts, the verdict was set aside by the presiding judge and a judgment of acquittal was rendered as to all counts. Shortly, thereafter, Appellants brought this tort claim against Appellees.[2] The cornerstone of Appellants' tort claims is that Appellees maliciously caused Hasie's prosecution by submitting a criminal referral to federal law enforcement authorities while withholding information establishing his innocence.

The elements of a malicious prosecution claim reflect the balance between society's need to compensate those subjected unjustifiably to criminal proceedings and "society's greater interest in encouraging citizens to report crimes, real or perceived." *Kroger Tex. Ltd. P'ship v. Suberu,* 216 S.W.3d 788, 792 (Tex. 2004). To establish a claim for malicious prosecution, Appellants were required to prove by a preponderance of the evidence that: (1) a criminal prosecution was commenced against Hasie; (2) Appellees initiated or procured that prosecution; (3) the prosecution terminated in his favor; (4) he was innocent of the charges; (5) Appellees lacked probable cause to initiate the prosecution; (6) Appellees acted with malice; and (7) Appellants suffered damages. *Id.* at 793 n.3; *Gunnels v. City of Brownfield, Tex.,* 153 S.W.3d 452, 458-59 (Tex. App.—Amarillo 2003, no pet.).

"A person *initiates* a criminal prosecution if he makes a formal charge to law enforcement authorities." *Browning-Ferris Indus. v. Lieck,* 881 S.W.2d 288, 292 (Tex.

---

[2] Appellants asserted claims for malicious prosecution, negligence or gross negligence, intentional infliction of emotional distress, abuse of process and tortious interference with prospective relations and existing contracts.

1994) (emphasis added). "A defendant *procures* a prosecution when its 'actions were enough to cause the prosecution, and but for [its] actions the prosecution would not have occurred.'" *Hernandez v. Mendoza,* 406 S.W.3d 351, 354-55 (Tex. App.—El Paso 2013, no pet.); *French v. French,* 385 S.W.3d 61, 70-71 (Tex. App.—Waco 2012, pet. denied) (quoting *Browning-Ferris Indus.* 881 S.W.2d at 292) (emphasis added). When the decision to prosecute is left to the discretion of another, such as a law enforcement official or a grand jury, a defendant does not procure a criminal prosecution unless he knowingly provides false, material information and the false information causes the criminal prosecution. *Hernandez,* 406 S.W.3d at 355 (citing *King v. Graham*, 126 S.W.3d 75, 76 (Tex. 2003) (*per curiam*)). Thus, causation is an indispensable element of a malicious prosecution case. *In re Bexar,* 224 S.W.3d 182, 185 (Tex. 2007).

When, as here, the decision to prosecute was submitted to the discretion of a grand jury and prosecutor, Appellants have the burden of proving that decision would not have been made *but for* false information supplied by Appellees. *Id.* To be successful on their claim, Appellants must prove not only that Appellees furnished false information to the grand jury and prosecutor but also that the false information furnished caused Hasie to be prosecuted. *Id.; King,* 126 S.W.3d at 78. In other words, the false information must have been a determining factor in the decision to commence prosecution. *Dangerfield v. Ormsby,* 264 S.W.3d 904, 910 (Tex. App.—Fort Worth 2008, no pet.).

Having reviewed the record under the caveat we discussed earlier, we find no evidence that Appellees initiated Hasie's criminal prosecution by filing a formal charge or complaint of any kind or initiated or procured his prosecution. Appellants submitted

5

the deposition testimony of two experts in an attempt to establish this element. One, a financial institution expert who testified it was "logical" that Appellees made the criminal referral and two, an attorney, former prosecutor and Hasie's defense counsel in the criminal proceeding, who testified "[i]t was my understanding and belief at the time that it wasn't the grand jury who initiated the criminal action but the bank itself." Unfortunately, this evidence amounts to mere speculation or guess as to whether Appellees initiated or procured Hasie's indictment. *Kroger,* 216 S.W.3d at 795 (citing *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 601 (Tex. 2004)).

Moreover, even assuming Appellees did make a criminal referral or complaint, there is also no evidence they provided any false statements to the grand jury or the prosecutor that were material to the decision to prosecute Hasie. Appellants assert Appellees falsely represented that a loss was suffered on certain loans when there was, in fact, no loss sustained. In support, Appellees offered the testimony of Hasie's attorney during the criminal proceedings, who was a former prosecutor, wherein she stated, "*one* of the factors that *should* be considered [by a prosecutor] is to what extent anyone suffered any loss." (emphasis added.) Further, even if Appellees knowingly misrepresented there was a loss on the loans when there was not one, whether the victim suffers a loss is not an element of any of the federal crimes with which Hasie was charged. *See* 18 U.S.C. § 371 (2000); 18 U.S.C. § 1014 (Supp. I 2014); 18 U.S.C. § 1344 (2000); 18 U.S.C. § 1956 (2000 & Supp. I 2014). *See also Haas v. Henkel,* 216 U.S. 462, 479-80 (1910); *United States v. McNeil,* 320 F.3d 1034, 1039 (9th Cir. 2003). In other words, the prosecutor could have made the decision to prosecute Hasie with or without information that the loans caused a loss to Appellees.

Under the facts of this case, Appellants' evidence creates no more than a "mere surmise" or "suspicion" that information regarding Appellees' losses would have been *material* to any decision by the prosecutor. *See King,* 126 S.W.3d at 78. Accordingly, we find Appellants failed to offer evidence creating a genuine issue of material fact whether Appellees initiated or procured Hasie's prosecution and the trial court properly granted summary judgment in Appellees' favor on their claims for malicious prosecution.

APPELLANTS' REMAINING CLAIMS

Summary judgment was also proper on Appellants' remaining claims. Because Appellants' malicious prosecution claim fails as a matter of law, Hasie's individual claim for intentional infliction of emotional distress is merely hypothetical, i.e., there is no evidence Appellees intentionally subjected him to distress knowing he was innocent. *See Kroger*, 216 S.W.3d at 796-97. There is also no evidence of any kind of process that was abused by Appellees. *See Blackstock v. Tatum,* 396 S.W.2d 463, 468 (Tex. Civ. App.—Houston [1st Dist.] 1965, no writ).

Appellants' claim that Appellees were negligent in their performance of a "shoddy" investigation also fails because he presents no evidence of any investigation by Appellees prior to Hasie's indictment—shoddy or otherwise. In addition, even assuming Appellees conducted an investigation before Hasie's indictment, it is well settled that a private person has no duty to investigate a suspect's alibi or defense before reporting a crime. *See Kroger,* 216 S.W.3d at 794.

Furthermore, Appellants' claim for tortious interference with prospective business relations fails because there is no evidence Appellees engaged in conduct that was

7

wrongful, i.e., independently tortious, actionable under a recognized tort or in violation of a statute. *See Wal-Mart Stores, Inc. v. Sturges,* 52 S.W.3d 711, 726 (Tex. 2000). Appellants' claim for tortious interference with an existing contract also fails because they presented no evidence of any "tortious interference" or of a contract interfered with by Appellees. *See All American Telephone, Inc. v. USLD Comms., Inc.,* 291 S.W.3d 518, 532 (Tex. App.—Fort Worth 2009, pet. denied). Accordingly, we find that the trial court did not err by granting summary judgment in Appellees' favor on all Appellants' claims.

CONCLUSION

Appellants' fifth issue is overruled. Because we find the trial court properly granted summary judgment on at least one of the theories advanced by Appellees, issues one through four are pretermitted. TEX. R. APP. P. 47.1. Accordingly, the judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice
