

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00351-CV
_____

MICHAEL R KEENAN, ET UX, RAMONA L. KEENAN, APPELLANTS

V.

THOMAS SAMUEL ROBIN, MARY MARGOT CONNOR, DUSTIN WAYNE LUBBOCK,
MEREDITH C. LUBBOCK, AND LAZY LR CATTLE COMPANY LLC, APPELLEES

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 78036C, Honorable Dee Johnson, Presiding

August 22, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellants, Michael R. Keenan and Ramona L. Keenan sued Appellees, Thomas Samuel Robin, Mary Margot Connor, Dustin Wayne Lubbock, Meredith C. Lubbock, and Lazy LR Cattle Company, LLC, for torts and other relief arising out of the parties' real property disputes. The trial court rendered summary judgment on the entire case for Appellees. On appeal, Appellants argue through four issues the trial court erred by denying their motion for partial summary judgment; by granting Appellees' motion for

summary judgment; and by failing to rule on objections to Appellees' summary judgment evidence. Overruling Appellants' issues necessary for disposition of the appeal, we affirm in part and reverse and remand in part for further proceedings.

## BACKGROUND

Appellants allege in 2009 they purchased an 0.81-acre lot in The Parks at Falcon Club, Unit No. 2 (the subdivision) intending to construct a house. All remaining lots in the subdivision were thereafter purchased by Appellees who, through their entity, Lazy LR Cattle Company, LLC, began running cattle on the subdivision. The subdivision adjoins other property owned by Appellees and to implement their cattle raising venture, Appellees placed a fence around three sides of the subdivision. The fence crossed public streets including Herring Park Drive and Gillette Avenue, ways used by Appellants to access their lot. In a telephone call to Michael Keenan, Appellee, Dustin Lubbock, offered to purchase Appellants' lot citing its potential worthlessness due to the fencing. In May and July 2018, Michael Keenan found Herring Park Drive blocked by a gate. On both occasions he broke the gate open. Dustin Lubbock, acting individually and as agent for the other Appellees, contacted law enforcement complaining that Appellees owned the street and Michael Keenan had no authority to break open the gate. Because of Dustin Lubbock's insistence, Michael Keenan was arrested. He was jailed for three days and charged with two state jail felonies. His case came to trial the following May and ended on the second day when the trial court directed a verdict of acquittal.

Appellants then filed the underlying lawsuit against Appellees asserting claims of malicious prosecution, trespass, and violation of civil rights with requests for injunctive

2

and declaratory relief. The trial court denied Appellants' motion for partial summary judgment on requests for declaratory and temporary injunctive relief. Appellees then sought summary judgment on the entire case through a hybrid no-evidence and traditional motion. It was granted and in October 2022 the trial court signed a take-nothing judgment in favor of Appellees on all of Appellants' claims.

## ANALYSIS

Because the summary judgment granted in favor of Appellees disposed of the entire case, we discuss Appellants' issues in a logical rather than numerical order.

### ISSUE TWO—PROPRIETY OF SUMMARY JUDGMENT

In their second, issue Appellants argue the trial court erred by rendering summary judgment against them on each of their causes of action. The judgment does not specify whether the trial court rendered judgment on no-evidence or traditional grounds.

Traditional and no-evidence motions for summary judgment are reviewed under the standards explained by the Supreme Court of Texas in *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624–25 (Tex. 2018), and *Lightning Oil Co. v. Anadarko E&P Onshore, LLC,* 520 S.W.3d 39 (Tex. 2017). When a party seeks summary judgment on both no-evidence and traditional grounds, an appellate court reviews the correctness of the summary judgment under the no-evidence standard first. *Hawes v. Link Ministries, Inc.,* No. 07-18-00407-CV, 2020 Tex. App. LEXIS 6465, at *3 (Tex. App.—Amarillo Aug. 13, 2020, pet. denied) (mem. op.) (citing *Merriman v. XTO Energy, Inc.,* 407 S.W.3d 244, 248 (Tex. 2013)). Only if the no-evidence summary judgment is not sustainable does the

3

reviewing court turn to the merits of the traditional summary judgment. *Hawes,* 2020 Tex. App. LEXIS 6465, at \*3.

## CIVIL RIGHTS VIOLATION—42 U.S.C. § 1983

Section 1983 provides that a "person" who violates a plaintiff's civil rights can be sued and subjected to liability. *Univ. of Tex. Sys. v. Pleasant,* No. 07-21-00083-CV, 2021 Tex. App. LEXIS 7145, at \*7 (Tex. App.—Amarillo Aug. 26, 2021, no pet.) (mem. op.) (citing 42 U.S.C. § 1983). The statute is purposed to deter state actors from using a badge of authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole,* 994 F.2d 1113, 1117 (5th Cir. 1993). To state a claim for relief in an action brought under section 1983, a claimant must establish that deprivation of a right secured by the Constitution or laws of the United States, and commission of the alleged deprivation "under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999). The "initial inquiry" in a 1983 action is: "(1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States." *Duke v. Massey,* 87 F.3d 1226, 1231 (11th Cir. 1996) (internal citations omitted).

"Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Sullivan,* 526 U.S. at 50 (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982)). "[S]tate action requires both

4

an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id.* (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)).

Concerning Appellants' claimed deprivation of civil rights by Dustin Lubbock acting vicariously for the other Appellees, the live petition of Appellants alleged as follows:

> By insisting that law enforcement arrest Plaintiff, Michael, for cutting the fence, when Herring Park Drive was a street or public right of way that Defendants did not own or have a right to place a fence across, and a street or public right of way that Plaintiffs had the absolute right to have thrown open whenever they wanted, Defendant, Dustin Wayne Lubbock, got law enforcement to act corruptly and deprive Plaintiffs of their property right in and to their lot, to that street and their First Amendment right to travel.

> In the alternative, but without waiving the foregoing, by insisting that law enforcement arrest Plaintiff, Michael, for cutting the fence, when Herring Park Drive was an easement that Defendants did not have a right to place a fence across, when Plaintiffs had an easement on Herring Park Drive and Gillette Avenue—an easement that Plaintiffs had the absolute right to have thrown open whenever they wanted, Defendant, Dustin Wayne Lubbock, got law enforcement to act corruptly and deprive Plaintiffs of their property right in and to that easement and their First Amendment right to travel.

In their no-evidence motion, Appellees charged Appellants "have no evidence that [Appellees] acted under color of state law[.]" In response, in an unsworn declaration, Michael Keenan averred:

> Dustin Lubbock called law enforcement to The Parks at Falcon Club Unit No. 2 on more than one occasion when I had cut and removed the obstruction across Herring Park Drive. Dustin Lubbock falsely claimed that he and the other individual defendants owned all of The Parks at Falcon Club Unit No. 2, including the streets, save and except the lot owned by me and my wife. He insisted that I be charged with cutting down the "fence"

5

that the defendants had placed across Herring Park Drive. It was on the second such occasion that I was arrested, taken to the Randall County Jail and charged with knowingly damaging a fence used for the containment of cattle.

According to Appellants, "it is enough that [Dustin Lubbock] is a willful participant in joint action with the State or its agents."

It is undisputed Appellees are private parties and not state officials. Although private parties who jointly engage with state officials in conduct may act under color of law, more than what Appellants claim here is required. Michael Keenan provided nothing in summary judgment evidence suggesting that Dustin Lubbock was jointly engaged with law enforcement in the challenged action. Reporting false information to law enforcement does not convert a private individual into a state actor. *Daniel v. Ferguson,* 839 F.2d 1124, 1130 (5th Cir. 1988) ("Police reliance in making an arrest on information given by a private party does not make the private party a state actor.").

Accepting as true the allegations of fact stated by Michael Keenan, Appellants provided the trial court no evidence of state action by Dustin Lubbock and the other Appellees. Summary judgment was properly rendered against Appellants on their 42 U.S.C. § 1983 claim.

### MALICIOUS PROSECUTION

"Claims for malicious prosecution create a tension between the societal interest in punishing crimes and the individual interest in protection from unjustifiable criminal prosecution; we are therefore constrained to the exact prerequisites for liability when reviewing such claims." *All Am. Tel., Inc. v. USLD Commc'ns, Inc.,* 291 S.W.3d 518, 533

(Tex. App.—Fort Worth 2009, pet. denied). To establish a claim for malicious prosecution, Appellants were required to prove by a preponderance of the evidence that: (1) a criminal prosecution was commenced against Appellant Michael Keenan by Appellees; (2) *Appellees initiated or procured that prosecution*; (3) the prosecution terminated in Michael Keenan's favor; (4) Michael Keenan was innocent of the charges; (5) Appellees lacked probable cause to initiate the prosecution; (6) Appellees acted with malice; and (7) Appellants suffered damages. *See Hasie v. Compass Bank*, No. 07-12-00521-CV, 2014 Tex. App. LEXIS 11589, at *4–5 (Tex. App.—Amarillo Oct. 21, 2014, pet. denied) (mem. op.). We presume the defendant acted reasonably with probable cause to initiate criminal proceedings. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006).

"A person initiates a criminal prosecution if he makes a formal charge to law enforcement authorities." *Browning-Ferris Indus. v. Lieck,* 881 S.W.2d 288, 292 (Tex. 1994). "A defendant procures a prosecution when its actions were enough to cause the prosecution, and but for its actions the prosecution would not have occurred." *Hasie*, 2014 Tex. App. LEXIS 11589, at *5; *see Lieck,* 881 S.W.2d at 292.

When the decision to prosecute is left to the discretion of another, such as a law enforcement official or a grand jury, a defendant does not procure a criminal prosecution *unless the defendant knowingly provide[s] false, material information and the false information cause[s] the criminal prosecution. Hernandez v. Mendoza*, 406 S.W.3d 351, 355 (Tex. App.—El Paso 2013, no pet.) (citing *King v. Graham,* 126 S.W.3d 75, 76 (Tex. 2003) (per curiam) (emphasis added)). "Therefore, to recover for malicious prosecution when the decision to prosecute is within another's discretion, the plaintiff has the burden

of proving that that decision would not have been made but for the [knowingly] false information supplied by the defendant." *King*, 126 S.W.3d at 78. This has been called the "false information exception." *Marin Real Estate Partners., L.P. v. Vogt*, 373 S.W.3d 57, 88 (Tex. App.—San Antonio 2011, no pet.) (citing *King*, 126 S.W.3d at 78).

In the present matter, Appellants alleged in their live petition:

> Defendant, Dustin Wayne Lubbock, acting individually and in his capacity as an employee of the LLC, called law enforcement and proceeded to tell law enforcement that Defendants . . . owned all of The Parks at Falcon Club, Unit No. 2, including the streets, save and except for the Plaintiffs' lot. He further informed law enforcement that he and his wife, Meredith Lubbock, were employed by the Defendants, Robin, Connor and the LLC, to run their cattle on the land. At no time did Dustin Lubbock tell law enforcement that they did not own Herring Park Drive. Or that their actions of running a fence across Herring Park Drive violated § 42.03, Texas Penal Code.

Appellants further alleged, "Defendant, Dustin Wayne Lubbock, got law enforcement to act corruptly and deprive Plaintiffs of their property right in and to their lot, to that street and their First Amendment right to travel."

In their no-evidence motion, Appellees alleged Appellants had no evidence that Appellees "took any improper action or exerted any inappropriate influence in Randall County's prosecution of Michael Keenan."[1] Michael Keenan responded in his unsworn affidavit:

> Dustin Lubbock called law enforcement to The Parks at Falcon Club Unit No. 2 on more than one occasion when I had cut and removed the obstruction across Herring Park Drive. Dustin Lubbock falsely claimed that he and the other individual defendants owned all of The Parks at Falcon Club Unit No. 2, including the streets, save and except the lot owned by me

---

[1] As will be apparent from the following discussion, we interpret this claim as a challenge of Appellants' proof that Appellees procured the prosecution of Michael Keenan, an essential element of Appellants' malicious prosecution cause of action.

8

and my wife. He insisted that I be charged with cutting down the "fence" that the defendants had placed across Herring Park Drive. It was on the second such occasion that I was arrested, taken to the Randall County Jail and charged with knowingly damaging a fence used for the containment of cattle.

Here, the decision to prosecute Michael Keenan was submitted to the discretion of a law enforcement official, the district attorney, who presented the case to a grand jury. The grand jury returned an indictment. Thus, the State procured Michael Keenan's prosecution. Appellants contend however that Appellees took improper action or exerted improper influence by supplying law enforcement with false information. As such, in line with the foregoing authorities, it was Appellants' no-evidence summary judgment burden to produce more than a scintilla of evidence that the decision to prosecute Michael Keenan would not have been made but for the provision to the prosecutor by Appellees of material information that they knew was false. *See Hasie*, 2014 Tex. App. LEXIS 11589, at \*5. Even assuming Dustin Lubbock provided false information to a law enforcement official, the summary judgment record does not contain more than a scintilla of evidence that the statements were of information material to; in making those statements Dustin Lubbock acted with actual awareness of their falsity; and but for those statements Michael Keenan would not have been prosecuted. Therefore, without any evidence of the "false information exception" it was the prosecutor and not Appellees who procured Michael Keenan's prosecution. Appellants failed to present some evidence supporting the second element of their malicious prosecution cause of action.

In their no-evidence motion, Appellees alleged that Appellants had "no evidence that [Appellees] trespassed on their property[.]" The Supreme Court of Texas "has consistently defined the tort of trespass as encompassing three elements: (1) entry (2) onto the property of another (3) without the property owner's consent or authorization." *Envntl. Processing Sys., L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414, 419, 425 (Tex. 2015). The entry requirement may be satisfied by proof the defendant caused or permitted "a thing to cross the boundary of the premises." *Gregg v. Delhi-Taylor Oil Corp.*, 162 Tex. 26, 344 S.W.2d 411, 416 (1961). Here Appellants allege that Appellees entered Appellants' property by allowing Appellees' cattle to run on Appellants' lot. The ground of Appellees' no-evidence motion required Appellants to present more than a scintilla of evidence supporting each element of their trespass claim.

In his unsworn declaration, before making statements of asserted fact, Michael Keenan stated: "[A]ll assertions contained herein are true and correct, except where stated to be on information and belief, in which case I believe them to be true." Concerning Appellants' claim that Appellees' cattle made an unauthorized entry onto Appellants property, Michael Keenan then averred: "After they acquired title to the other lots in The Parks at Falcon Club Unit No. 2 I often observed cattle on our lot and manure on our slab. From what I was told by Dustin Lubbock, I understand these cattle to belong to the Defendants."

Michael Keenan's understanding of who owned the cattle he observed on his lot, based upon what he was told by Dustin Lubbock, is a conclusion of fact constituting no

10

evidence that Appellees, via their cattle, entered Appellants' property without authorization. *See Campbell v. Fort Worth Bank & Trust*, 705 S.W.2d 400, 402 (Tex. App.—Fort Worth 1986, no writ) ("The statements in appellant's affidavit based upon 'the best of his knowledge' constitute no evidence at all. A person could testify with impunity that to the best of his knowledge, there are twenty-five hours in a day, eight days in a week, and thirteen months in a year. Such statements do not constitute factual proof in a summary judgment proceeding."). As such, Appellants did not show more than a scintilla of evidence on an essential element of their trespass cause of action. The trial court did not err in rendering summary judgment against Appellants on their trespass claim.

## DECLARATORY Judgment

In their live petition, Appellants sought judgment under the Uniform Declaratory Judgments Act[2] (UDJA) declaring the following: the streets in the subdivision were previously dedicated public rights of ways or streets; running a fence across those streets or rights-of-ways violated Texas Penal Code section 42.03;[3] Appellants have an easement on Herring Park Drive and Gillette Avenue; Appellants have the right to have that easement thrown open at any time; and Appellees do not have the right to erect fences, gates or any other obstructions over those easements.

---

[2] TEX. CIV. PRAC. & REM. CODE ANN §§ 37.001–.011.

[3] In relevant part section 42.03 provides, "A person commits an offense if, without legal privilege or authority, he intentionally, knowingly, or recklessly obstructs a . . . street . . . regardless of the means of creating the obstruction and whether the obstruction arises from his acts alone or from his acts and the acts of others[.]" TEX. PENAL CODE ANN. § 42.03(a)(1).

11

The UDJA is remedial; its purpose is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b). It is not a grant of jurisdiction, but is a procedural device for deciding cases already within a court's jurisdiction. *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996) (original proceeding) (per curiam). The UDJA "is not appropriately employed to remedy a trespass occurring prior to trial that is the subject of a separate common-law trespass claim." *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011) (per curiam). The UDJA "is intended as a means of determining the parties' rights when a controversy has arisen but before a wrong has been committed, 'and is preventative in nature.'" *Id.* (quoting *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 713 (1945)).

"The Penal Code does not create private causes of action, and a victim does not have standing to participate as a party in a criminal proceeding." *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied). A court generally has no civil jurisdiction to render declarations of rights, status or other legal relationships arising under a penal statute. *City of McAllen v. Brand*, No. 13-14-00167-CV, 2015 Tex. App. LEXIS 3157, at *13 (Tex. App.—Corpus Christi Apr. 2, 2015, no pet.) (mem. op.) (citing *State v. Morales,* 869 S.W.2d 941, 947 (Tex. 1994)).

Appellants have not briefed or otherwise provided us authority for the rule that Penal Code section 42.03 is not punitive in nature and otherwise subject to the district court's civil jurisdiction. Accordingly, we conclude the trial court did not err in rendering judgment against Appellants on their requests for declaratory relief concerning violations of the penal code.

The remaining declarations, those that seek declarations that Appellants have an easement on Herring Park Drive and Gillette Avenue and those that seek declarations that Appellees do not have the right to erect fences, gates or any other obstructions over those easements do not concern violations of the penal code and fall within the court's jurisdiction. The court initially denied Appellant's partial motion for summary judgment seeking declarations concerning the right of access. The court then granted Appellee's motion for summary judgment related to the declarations.

When faced with competing summary judgments, the general rule is that an appellate court should determine all questions presented and render the judgment the trial court should have rendered. *Texas Workers' Compensation Commission v. Patient Advocates of Texas*, 136 S.W.3d 643, 648 (Tex. 2004). However, because fact issues[4] exist precluding summary judgment and neither Appellant nor Appellee established entitlement to summary judgment as a matter of law, we remand the cause to the trial court for a determination of pertinent issues that rest in the disputed facts. *Wigley v. Willems*, No. 07-13-00028-CV, 2014 Tex. App. LEXIS 10541, at *11 (Tex. App.—Amarillo Sept. 19, 2014, no.) (mem. op.).

**ISSUE ONE—DENIAL OF PARTIAL SUMMARY JUDGMENT**

Via motion for partial summary judgment, Appellants requested declarations of their easement over certain subdivision streets and the right to have those easements "thrown open" at any time. They further sought imposition of a temporary injunction "enjoining [Appellees] from blocking, in any way, Herring Park Drive, Gillette Avenue,

---

[4] Fact issues, including but not limited to, whether an unlocked gate in close proximity to a single 0.83 (or 0.81) acre lot in an undeveloped subdivision amounts to interference with an alleged easement.

13

Chrissie's Court and Emma's Avenue." The trial court denied their request by written order signed November 19, 2020. We have already concluded Appellants were not entitled to the requested declaratory relief under the UDJA related to their penal code declarations, but are entitled to the requested declaratory relief related to those easements and interference, pending resolution of the disputed facts.

> As for their request for a temporary injunction, Appellants did not pursue an interlocutory appeal of the November 19 order denying their request[5] but now challenge that ruling on final appeal. Similar to the remaining requests for declaratory judgment, the appropriate remedy is for the trial court to make a determination pending the resolution of the disputed facts related to Appellants' entitlement to an injunction.

**ISSUES THREE AND FOUR—FAILURE TO RULE ON OBJECTIONS TO APPELLEES' SUMMARY JUDGMENT MOTION AND EVIDENCE**

The crux of these two issues is the trial court erred by failing to rule on Appellants' objections to the summary judgment evidence presented by Appellees in support of their traditional motion for summary judgment. Because we have concluded that Appellants did not overcome their no-evidence burden on each challenged ground we, need not address the traditional motion. *See Lightning Oil*, 520 S.W.3d at 45. Hence, whether Appellees' traditional motion was or was not supported by admissible evidence is an issue whose resolution is not necessary for the disposition of this appeal. *See* TEX. R. APP. P. 47.1.

**CONCLUSION**

---

[5] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(4) (authorizing immediate appeal of an order granting or denying a temporary injunction).

14

The trial court's summary judgment is reversed as to the denial of Appellants' request for declaratory relief that Appellees do not have the right to erect fences, gates, or any other obstructions over those easements, if any, on Herring Park Drive and Gillette Avenue. Further, the trial court's summary judgment is reversed as to the denial of Appellants' request of a temporary injunction regarding interference with access to their property. In all other respects, the trial court's judgment is affirmed. This case is remanded to the trial court for further proceedings consistent with this opinion.

Alex Yarbrough
Justice