# Court of Appeals
## Tenth Appellate District of Texas

---

10-25-00201-CV

---

Brinda Redwine,
Appellant

v.

Kipp Allen Thomas,
Appellee

---

On appeal from the
County Court at Law of Navarro County, Texas
Judge James E. Lagomarsino, presiding
Trial Court Cause No. D24-32651-CV

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Brinda Redwine appeals from a take nothing summary judgment rendered in favor of Kipp Allen Thomas in her suit for malicious prosecution. In four issues, Redwine asserts Thomas did not establish entitlement to summary judgment. We affirm.

## BACKGROUND

Redwine was married to Thomas's brother, Ricky, who passed away in 2023. Thomas contends that he and Ricky were in business together, growing and selling hay. After Ricky's death, Thomas was told that Redwine took a key to a tractor Thomas claimed to own, as well as two small tools and a chain that were in the tractor. Thomas reported the alleged theft, and after an investigation, Redwine was arrested and tried for the offense of theft. A jury acquitted her and she filed this malicious prosecution suit against Thomas.

Thomas filed a motion for summary judgment asserting there is no genuine issue of material fact as to the probable cause and malice elements of Redwine's malicious prosecution claim. The trial court granted the motion and ordered that Redwine take nothing on her claim.

## SUMMARY JUDGMENT

Redwine lists four issues, alleging the trial court erred in granting summary judgment in favor of Thomas, asserting she established all elements of her malicious prosecution claim, including that the theft prosecution was terminated in her favor, and contending her constitutional rights were violated by the trial court's decision. In the combined argument of these issues, Redwine contends that genuine issues of material fact exist regarding every element of her malicious prosecution claim. She asserts the record contains

factual disputes as to whether Thomas had sufficient grounds to pursue charges and whether his actions were motivated by improper considerations.

**Standard of Review**

We review the trial court's decision to grant summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(h)(2); *Eagle Oil & Gas Co.*, 619 S.W.3d at 705. A defendant who conclusively negates at least one of the essential elements of the cause of action or conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence sufficient to raise a genuine issue of material fact, thereby precluding summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018).

To determine if the nonmovant has raised a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 279 (Tex. 2017). We indulge every reasonable inference

in favor of the nonmovant and resolve any doubts in her favor. *Eagle Oil & Gas Co.*, 619 S.W.3d at 705. The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

**Applicable Law**

A malicious prosecution plaintiff must prove (1) commencement of a criminal prosecution against the plaintiff; (2) the defendant initiated or procured that prosecution; (3) termination of the prosecution in plaintiff's favor; (4) the plaintiff's innocence; (5) lack of probable cause to initiate or procure the prosecution; (6) malice in filing the charge; and (7) damage to the plaintiff. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 792 n.3 (Tex. 2006); *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997).

Probable cause is "the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor [complainant], that the person charged was guilty of the crime for which he was prosecuted." *Richey*, 952 S.W.2d at 517. A malicious prosecution plaintiff carries the burden of disproving probable cause, a reflection of the presumption that the defendant acted reasonably and had probable cause to initiate criminal proceedings. *Suberu*, 216 S.W.3d at 792-93.

To rebut the presumption, the plaintiff must produce evidence that the motives, grounds, beliefs, or other information upon which the defendant acted did not constitute probable cause. *Richey*, 952 S.W.2d at 518. If the plaintiff rebuts that presumption, the defendant is then required to carry the burden of proving the existence of probable cause. *Akin v. Dahl*, 661 S.W.2d 917, 920 (Tex. 1983).

Probable cause should be evaluated from the perspective of the person who made the report to law enforcement authorities, at the time the report was made. *Digby v. Texas Bank*, 943 S.W.2d 914, 920-21 (Tex. App.—El Paso 1997, writ denied). Our focus is whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted. *Richey*, 952 S.W.2d at 517.

To prove malicious prosecution a plaintiff must establish the defendant acted with malice, which is defined as ill will, evil motive, gross indifference, or reckless disregard of the rights of others. *Hernandez v. Mendoza*, 406 S.W.3d 351, 357 (Tex. App.—El Paso 2013, no pet.). The existence of malice may be implied from the absence of probable cause. *Id.*

## Discussion

In his motion for summary judgment, Thomas asserted that probable cause to report a crime existed. He also argued that there is no evidence to rebut the presumption of probable cause and no evidence of malice. Redwine filed a response stating that genuine issues of material fact exist as to "the nature and extent of the Defendant's conduct," the "causation of harm" she suffered, and the credibility of witnesses and their testimony.

As summary judgment evidence, Thomas presented the affidavit of Willd Kujawa, who lives near the property where the alleged theft took place. Kujawa stated that he met with Redwine to purchase hay from Ricky's estate. He saw her remove a hammer, two pairs of pliers, and a piece of chain out of a John Deere tractor that was on the property and put them in her truck. He also saw her take the tractor key. He later told Thomas what Redwine had done.

Thomas also presented his own affidavit as summary judgment evidence. After an employee reported that Thomas's tractor was locked and tools were missing, he contacted Kujawa who told Thomas that Redwine had taken the tools, chain, and tractor key. Thomas explained that, to avoid conflict, he reported the incident to the sheriff's office, as Redwine had taken his property without his consent. This is sufficient to prove Thomas, at the time the report

was made, reasonably believed Redwine had committed theft and thus had probable cause to initiate the prosecution. *See id.* at 517.

Next, we consider the summary judgment evidence Redwine presented to determine if she raised a fact question on the issue of probable cause. *See Lujan*, 555 S.W.3d at 84. With her response, Redwine filed an affidavit in which she described a decades-long contentious relationship with Thomas and accused him of stealing from Ricky's estate. She also filed a "Statement of Disputed Facts" repeating her allegations against Thomas. Additionally, she attached documents related to the theft prosecution and Ricky's probate proceedings, as well as publicly available records identifying property she claims is owned by Ricky. Although Redwine presented evidence of prior bad relations between she and Thomas, none of Redwine's summary judgment evidence addresses whether it was reasonable for Thomas to believe Redwine stole items from him, leading him to file the theft report. Thus, Redwine did not present evidence raising a fact question on the issue of probable cause. *See Richey*, 952 S.W.2d at 518.

Thomas directly addressed the malice element in his affidavit, stating he did not act with malice and had no unlawful or illegal motivation to have Redwine arrested. He explained that he provided Redwine's phone number to Kujawa so Kujawa could buy Ricky's hay from her, knowing that if he had not

done so, Redwine would never have been aware of the hay. Kujawa witnessed the theft. Thomas explained that he was trying to retrieve his property peacefully by reporting the incident to the sheriff's office. This evidence conclusively negates the element of malice. *See Hernandez*, 406 S.W.3d at 357.

In response, Redwine presented evidence of a bad relationship between she and Thomas and accused him of stealing from Ricky's estate. But, as explained above, Thomas had a valid reason to report the theft, and the report was not based on ill will, evil motive, gross indifference, or reckless disregard of Redwine's rights. The past or current relationship between Thomas and Redwine does not raise a fact question about the validity of Thomas's stated reason for reporting the alleged theft, Kujawa's eyewitness testimony. Further, while the existence of malice may be implied from want of probable cause, the record here demonstrates probable cause. Therefore, malice may not be inferred. *See Hernandez*, 406 S.W.3d at 357. Thus, Redwine's evidence did not raise a fact question about whether Thomas acted with malice. *See Mayes*, 236 S.W.3d at 755.

## CONCLUSION

Thomas conclusively negated the probable cause and malice elements of Redwine's malicious prosecution claim. *See Fernandez*, 315 S.W.3d at 508. Redwine did not present evidence sufficient to raise a genuine issue of material

fact.  *See Lujan*, 555 S.W.3d at 84.  Accordingly, the trial court did not err in granting summary judgment in favor of Thomas.  We overrule all of Redwine's issues.[1]

We affirm the trial court's judgment.

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED:  June 25, 2026

Before Chief Justice Johnson,
  Justice Smith, and
  Justice Harris
Affirmed
CV06



---

[1] In her list of issues presented, Redwine includes the following: "Whether any constitutional rights of Appellant were violated by the trial court's decision."  However, there is no argument in the brief in support of this issue, and it is therefore waived.  *See* TEX. R. APP. P. 38.1(i); *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015).